STATE OF NORTH CAROLINA v. THOMAS JACKSON AND WILLIE UTLEY

No. 6910SC352

(Filed 2 July 1969)

**Criminal Law § 155.5— failure to aptly docket record on appeal**

     Appeal is dismissed for failure of defendants to docket the record on appeal within the time allowed by order of the Court of Appeals.

APPEAL by defendants from *Bickett, J.*, 16 September 1968 Session, WAKE Superior Court.

Defendants were charged jointly with the offense of robbery with

the use of a dangerous weapon. The trial court appointed Mr. Malcolm B. Grandy to represent defendants.

Upon their pleas of not guilty the defendants were jointly tried before a jury and were found guilty of common law robbery. Active sentences were imposed.

Defendants gave notice of appeal and the trial court appointed Mr. Grandy to represent them in their appeal.

On 6 March 1969, over two months after the time allowed by our rules for docketing the record on appeal in this Court, defendants filed a petition for certiorari to perfect a late appeal. For reasons which appeared satisfactory to this Court, an order was entered on 25 March 1969 allowing a late docketing of the appeal, and directing that the record on appeal be docketed by ten o'clock a.m., Tuesday, 20 May 1969. The record on appeal was not docketed within the time allowed by our Order.

*Robert Morgan, Attorney General, by Harry W. McGalliard, Deputy Attorney General, for the State.*

*Malcolm B. Grandy for defendants.*

BROCK, J.

It is obvious that the transcript of the trial proceedings was available to defendants in ample time to docket the record on appeal within the time allowed by the 25 March 1969 Order of this Court. Defendants had the transcript as early as 6 March 1969 when they filed their petition for certiorari.

The effect of our Order allowing the late docketing was to grant to defendants a total of approximately eight months to perfect their appeal. Even so they failed to timely docket their record on appeal.

For failure to comply with the Order of this Court we dismiss the appeal.

Dismissed.

CAMPBELL and MORRIS, JJ., concur.